**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>TRANSPORTATION SECURITY ADMINISTRATION,<br>6595 Springfield Center Drive<br>Springfield, VA 22150<br><br>and<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT,<br>500 12th St. SW<br>Washington, DC 20536<br><br>*Defendants*. | Case No. 26-cv-0193 |

**<u>COMPLAINT</u>**

1. American Oversight brings this case to compel information from the Transportation Security Administration and Immigration and Customs Enforcement regarding data sharing between the two agencies which expands the immigration enforcement landscape drastically, affecting all air travelers and millions of Americans.

2. Immigration and Customs Enforcement ("ICE") historically has not sought to use domestic travel data to enforce immigration laws.[1] That changed in March, when ICE and the

[1] Hamed Aleaziz, *Immigration Agents Are Using Air Passenger Data for Deportation Effort*, N.Y. Times (updated Dec. 25. 2025), https://www.nytimes.com/2025/12/12/us/politics/immigration-tsa-passenger-data.html.

Transportation Security Administration ("TSA") entered into a "partnership" which included sharing the names and birth dates of airline passengers, according to reporting in December.[2] But the full scope of the collaboration—including what other pieces of data are being shared, and whether U.S. citizens have been swept up in any enforcement actions—has not been disclosed.

3. In furtherance of its mission to promote government transparency and accountability, American Oversight filed requests with TSA and ICE under the Freedom of Information Act ("FOIA"), each with requests for expedited processing, seeking records regarding TSA's sharing of data with ICE for immigration enforcement purposes at U.S. airports.

4. Having received a denial for its requests for expedited processing and no determination for its FOIA request to TSA, American Oversight now brings this action against TSA and ICE under FOIA, 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

6. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

7. Defendant TSA has failed to issue a determination on American Oversight's request and denied expedited processing.

8. Defendant ICE has denied expedited processing on American Oversight's request, and failed to adjudicate its appeal.

[2] *Id.*

9. Because TSA has failed to issue a determination and denied expedited processing on American Oversight's request and ICE has denied American Oversight's request for expedited processing, American Oversight is entitled to judicial relief.

## PARTIES

10. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

11. Defendant TSA is a component of the U.S. Department of Homeland Security ("DHS"), which is a department of the executive branch of the U.S. government, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). TSA is headquartered in Springfield, VA. TSA has possession, custody, and control of records that American Oversight seeks.

12. Defendant ICE is a component of DHS, which is a department of the executive branch of the U.S. government, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). ICE is headquartered in Washington, DC. ICE has possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

13. On December 19, 2025, American Oversight submitted identical FOIA requests to

TSA and ICE, which both contained requests for expedited processing, for:

> A complete copy (including any attachments) of all contracts or subcontracts, amendments, inter-governmental service agreements, memoranda of understanding, or other written agreements between TSA and ICE.
>
> **Please provide all responsive records created or in effect from March 1, 2025, through the date the search is conducted.**

*TSA Request*

14. A true and correct copy of American Oversight's request to TSA is attached as Exhibit A (internal tracking number DHS-TSA-25-2939).

15. The requested records are urgently needed to inform the public concerning actual or alleged government activity.

16. Accordingly, American Oversight requested expedited processing of the request, and included the certifications required by 5 U.S.C. § 552(a)(6)(E)(vi) and 6 C.F.R. § 5.5(e)(3). *See* Ex. A.

17. American Oversight certified the requested records are urgently needed to inform the public concerning actual or alleged government activity. Ex. A.

18. American Oversight certified it is primarily engaged in disseminating information to the public. *Id.*

19. American Oversight's expedited processing request explained how it met the statutory and regulatory standards for expedited processing. *See id.*

20. American Oversight's expedited processing request included a non-exhaustive list of citations to media reports that support its certifications. *See id.*

21. On January 9, 2026, TSA acknowledged receipt of the request and assigned the request tracking number 2026-TSFO-00644. *See* Ex. B.

22. TSA denied expedited processing for the request. *Id.*

23. As of the date of this filing, American Oversight has received no further communication from TSA regarding this FOIA request.

*ICE Request*

24. A true and correct copy of American Oversight's request to ICE is attached as Exhibit C (internal tracking number DHS-ICE-25-2940).

25. The requested records are urgently needed to inform the public concerning actual or alleged government activity.

26. Accordingly, American Oversight requested expedited processing of the request, and included the certifications required by 5 U.S.C. § 552(a)(6)(E)(vi) and 6 C.F.R. § 5.5(e)(3). *See* Ex. C.

27. American Oversight certified the requested records are urgently needed to inform the public concerning actual or alleged government activity. Ex. C.

*28.* American Oversight certified it is primarily engaged in disseminating information to the public. *Id.*

29. American Oversight's expedited processing request explained how it met the statutory and regulatory standards for expedited processing. *See id.*

*30.* American Oversight's expedited processing request included a non-exhaustive list of citations to media reports that support its certifications. *See id.*

31. On January 6, 2026, ICE acknowledged receipt of the request and assigned the request tracking number 2026-ICFO-09147. *See* Ex. D.

32. ICE denied expedited processing for the request. *Id.*

33. On January 16, 2026, American Oversight appealed the denial of its request for expedited processing. A true and correct copy of the appeal is attached as Exhibit E.

34. ICE is required to adjudicate the denial of the request for expedited processing "expeditiously." *See* 6 C.F.R. § 5.5(e)(4).

35. As of the date of this filing, American Oversight has received no further communication from ICE regarding its appeal of the denial of its request for expedited processing.

*Exhaustion of Administrative Remedies*

36. As of the date of this Complaint, Defendant TSA has failed to (a) notify American Oversight of final determinations regarding American Oversight's FOIA request, including the scope of responsive records Defendants intend to produce or withhold and the reasons for any withholdings; and (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

37. Through Defendant TSA's failure to respond to American Oversight's FOIA request within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

38. As of the date of this Complaint, Defendants have denied American Oversight's proper requests for expedited processing.

39. Defendant TSA denied American Oversight's request for expedited processing, and American Oversight is not required to exhaust its administrative remedies with respect to its request for expedited processing.

40. Defendant ICE denied American Oversight's request for expedited processing and has not adjudicated American Oversight's appeal "expeditiously."

41. Through Defendants' denial of American Oversight's request for expedited processing, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

42. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

43. American Oversight properly requested records within the possession, custody, and control of Defendant TSA.

44. Defendant TSA is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

45. Defendant TSA has failed to promptly review agency records for the purpose of locating those records that are responsive to the American Oversight's FOIA request.

46. Defendant TSA's failure to conduct adequate searches for responsive records violates FOIA and applicable regulations.

47. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant TSA to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA request.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

48. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

49. American Oversight properly requested records within the possession, custody, and control of Defendant TSA.

50. Defendant TSA is an agency subject to FOIA and must therefore release in response to FOIA requests any non-exempt records and provide lawful reasons for withholding any materials.

51. Defendant TSA is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to American Oversight's FOIA request.

52. Defendant TSA's failure to provide all non-exempt responsive records violates FOIA and applicable regulations.

53. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to American Oversight's FOIA request and provide indexes justifying withholdings of any responsive records withheld under claims of exemption.

## COUNT III
## Violation of FOIA, 5 U.S.C. § 552
## Failure to Grant Expedited Processing

54. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

55. American Oversight properly requested records within the possession, custody, and control of Defendants on an expedited basis.

56. Defendants denied the requests for expedited processing for the TSA Request and ICE Request.

57. Defendants are agencies subject to FOIA and must process the requests on an expedited basis pursuant to the requirements of FOIA and agency regulations.

58. The records American Oversight has requested are urgently needed to inform the public about government activities of extraordinary public importance.

59. Therefore, American Oversight's requests justify expedited processing under FOIA and Defendants' regulations.

60. American Oversight is entitled to declaratory and injunctive relief requiring

Defendants to grant expedited processing of American Oversight's FOIA requests.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

a) Order Defendants to grant American Oversight's requests for expedited processing and to process American Oversight's requests on an expedited basis by providing Plaintiff with a determination and non-exempt portions of the requested records as soon as practicable;

b) Order Defendant TSA to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

c) Order Defendant TSA to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

d) Enjoin Defendant TSA from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

e) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

f) Grant American Oversight such other relief as the Court deems just and proper.

Dated: January 22, 2026

Respectfully submitted,

*/s/ Daniel Martinez*

Daniel Martinez
D.C. Bar No. 90025922
Loree Stark
D.C. Bar No. 90021926
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-2465

danny.martinez@americanoversight.org

*Counsel for Plaintiff*